UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEITH WAYNE RANDALL, ET AL.                CIVIL ACTION

VERSUS                                     NO: 06-1053

ALLSTATE INDEMNITY COMPANY                 SECTION: "J" (5)


## ORDER AND REASONS

Before the Court is Plaintiff Carol Stokes's Objection To
Order Signed By Magistrate. (Doc. 50.) The Court finds for the
following reasons that the objection should be sustained, but
leave to amend the pleadings may not be granted at this juncture.

### Procedural History

Plaintiffs Keith Randall and Debbie Randall filed a
potential class action in state court based on Louisiana's Valued
Policy Law (VPL), La. R.S. § 22:695. The case was removed to this
court, allotted to Section "D", and transferred to Section "J".
Plaintiffs filed an amending complaint adding an additional
plaintiff, Carol Stokes, and class certification language, but
failing to add any basis for recovery other than the VPL.
Plaintiffs Keith Randall and Debbie Randall then voluntarily

dismissed their claims without prejudice, leaving only Carol
Stokes as a named plaintiff in the case.  By en banc decision of
the Court, all cases depending on the construction of Louisiana's
VPL were transferred to Section "R" for determination of the VPL
issue. Defendants filed motions to dismiss under Rule 12(b)(6).
Judge Vance issued an order and reasons granting the motions to
dismiss Plaintiff's claims because they were prefaced on a faulty
understanding of the VPL. Judge Vance issued a judgment in a
separate document dismissing Plaintiff's complaint. Plaintiff
filed a Rule 59 motion for reconsideration. Before the Rule 59
motion was decided Plaintiff filed a motion to amend her
pleadings to add non-VPL bases of recovery as to her individual
claims. The Clerk would not allow her to amend without leave of
Court, so she filed a Motion for Leave to Amend Pleading and set
it for hearing. Defendants never opposed the amendment. Before
the hearing date on the motion to amend pleading, Judge Vance
denied the motion to reconsider the order and reasons dismissing
the VPL claims. Based on the failure of the motion to reconsider,
Magistrate Judge Chasez denied the motion to amend the complaint
without further discussion. Plaintiff objected to Magistrate
Judge Chasez's order. Before the hearing date on the objection,
Plaintiff appealed the judgment dismissing her claims to the
Fifth Circuit.

2

**Plaintiff's Objection and Analysis**

Plaintiff objects that she should not have been required to seek leave to amend because no responsive pleadings have been filed. Thus, she argues that she should have been allowed to amend as a matter of course. She also argues that leave to amend should be freely granted, so denial was in error. Plaintiff points out that Judge Vance's opinion only ruled out the VPL-based claims, so she should be allowed to add other theories of recovery applicable to her individual claims.

A pleading may be amended once without leave of court before responsive pleadings are filed. Fed. R. Civ. Pro. 15(a). This is Plaintiff's second amendment so leave is required. In any event "[a]fter dismissal, the plaintiff does not have the right to amend as a matter of course" even if no prior amendment has been made. *Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 835 (5th Cir. 1992).

Plaintiff's request to amend is barred at this point. Although the Court likely should have granted leave to amend had it been requested before the final judgment was entered and may have granted leave to amend even after the claims were dismissed, the fact that Plaintiff has appealed the judgment against her removes the jurisdiction of this Court to vacate the judgment.

Leave should be freely given to amend the complaint prior to

3

final judgment. "When a district court dismisses an action and enters a final judgment, however, a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Plaintiff has already sought reconsideration under Rule 59, which was denied by Judge Vance. The correctness of that ruling has now been appealed. Plaintiff failed to raise the issue of amending her pleading with Judge Vance.

Although it does not indicate whether dismissal was with prejudice or without, the judgment against Plaintiff disposed of all the parties and all of the then-pleaded claims in her complaint. The judgement appears to be final and appealable. Consequently, the appeal of that judgment has removed from this Court jurisdiction to amend the judgment. *See, e.g., Gryar v. Odeco Drilling*, 674 F.2d 373, 375-76 (5th Cir. 1982). Plaintiff is required to seek relief before the Fifth Circuit Court of Appeals.

Plaintiff's Motion to Amend Pleading is essentially a second request for relief from the judgment of dismissal. Because it was filed more than ten days after the judgment was entered, the Court considers the motion a Rule 60(b) motion. However, because her case was dismissed based only upon the pleadings, this

4

Court's discretion to deny Plaintiff's motion is governed by the standard of Rule 15(a), which favors amendment, rather than the standard of Rule 60(b), which favors finality of judgments. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). This Court is empowered to <u>consider</u> and to <u>deny</u> a Rule 60(b) motion after the Notice of Appeal has been filed, but has no jurisdiction to grant such a motion. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329-30 (5th Cir. 2004) (citing *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 948-50 (5th Cir. 1995)). This Court is inclined to vacate the final judgment[1] and grant Plaintiff's request to amend her complaint so that her individual claims may be decided on the merits, rather than on the failure to properly plead, but may not do so without leave of the court of appeals. *Id.* Plaintiff is advised that "an appellant may make a motion to the court of appeals for a remand if the district court indicates an intention to grant the Rule 60(b) motion." *Id.* It is up to Plaintiff whether she will elect to move the court of appeals for a remand.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection To Order Signed By Magistrate (Doc. 50) is **SUSTAINED**;

---

[1] This Court has no intention of disturbing the order and reasons dismissing Plaintiff's VPL claims.

**IT IS FURTHER ORDERED** that decision on Plaintiff's Motion to Amend Pleading is continued without date pending the reinvestment of jurisdiction in this Court.

New Orleans, Louisiana this the 27th day of October, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE