```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


CAROL STOKES, ET AL.                         CIVIL ACTION

VERSUS                                       NO: 06-1053

ALLSTATE INDEMNITY COMPANY                   SECTION: "J" (5)
and ALLSTATE INSURANCE
COMPANY
```

**ORDER AND REASONS**

Before the Court are Defendants' Rule 12(b) Motion to Dismiss, Rule 23(d)(4) Motion to Strike Class Allegations and Rule 12(e) Motion for More Definite Statement (Rec. Doc. 67). For the following reasons the Motions are **GRANTED in part and DENIED in part.**

**BACKGROUND**

Plaintiffs brought their original complaint in the 34th Judicial District Court for St. Benard Parish. The Plaintiffs, as a part of a class action, brought actions against any and all insurers who denied valued policy fire insurance claims in the aftermath of Hurricane Katrina in the state of Louisiana. These

1

included Allstate Indemnity Co., Louisiana Citizens Property Insurance Corp., Audubon Insurance Co., and Lafayette Insurance Co.

After Defendants removed the case, Plaintiffs filed a First Amended and Supplemental Complaint (Rec. Doc. 14) to add Carol Stokes as a plaintiff regarding her insurance coverage with "Allstate." Plaintiffs then dismissed without prejudice the original plaintiff (Keith Randall) and plaintiffs who had claims against Louisiana Citizens Property Insurance Co., Audubon Insurance Co., and Lafayette Insurance Co. (Rec. Doc. 15) Allstate Indemnity at this time was the only defendant left in the case.

The case was reassigned to Section "R" and consolidated with several other similar actions regarding the claims that arose under the VPL statute pending before Judge Vance. Allstate joined in a consolidated motion to dismiss the VPL claims, and Judge Vance granted those motions.

Plaintiffs appealed those decisions, and also moved this Court to reopen her case so she could file a second amended complaint to pursue individual claims against Allstate. The Court in Order and Reasons on October 27, 2006 stated that it was inclined to grant the motion but could not do so without leave

from the Fifth Circuit. (Rec. Doc. 54)  The Court of Appeals subsequently remanded the Stokes action to this Court and dismissed the appeal.(Rec. Doc. 60)  This Court granted leave to file the second amended complaint.(Rec. Doc. 61)

The Second Amended Complaint re-adopts and re-alleges everything in the first amended complaint, and then adds ten new plaintiffs and Allstate Insurance as a defendant.  The claims in the Second Amended Complaint are only against Allstate Insurance. (Rec. Doc. 62)

Defendants have made the following motions, each of which will be discussed in turn.

**Defendants' Motions**

**I.  Defendants' Motion to Dismiss the VPL Claim**

In their second amended complaint, plaintiffs re-alleged all arguments made in their first complaint including an allegation that defendants violated Louisiana's Valued Policy Law, LA. REV. STAT. § 22:695.  As stated earlier, this case was transferred to Section "R" of this Court and consolidated with other claims that various insurance companies had violated Louisiana's Valued Policy Law.

3

Judge Vance heard oral argument on a consolidated motion to dismiss filed by the insurer defendants in this case and *Chauvin v. State Farm Fire & Cas. Co.*, 450 F. Supp. 2d 660, 668 (E.D. La. 2006). Judge Vance concluded that Louisiana's VPL law "does not apply when a total loss is not caused by a covered peril." *Id.*

The plaintiffs have not argued the merits of the defendant's position. Rather they claim that the motion is premature. They are asking the Court to wait for the 5th Circuit to rule on the issue or in the event that the 5th Circuit certifies the issue to the Louisiana Supreme Court for that court to rule.

Under the principle of res judicata, this issue has been litigated to a final disposition by a court of competent jurisdiction, between the same parties. *See, e.g. Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 704-05 (5th Cir. 2005).

Accordingly, the motion to dismiss the VPL claims is **GRANTED**.

**II. Defendants' Motion to Strike Class Allegations**

The Defendants' have moved to strike the class allegations contained in the plaintiffs complaint as violating FED. R. CIV. P. 23. The plaintiffs do not object to the striking of their class allegations, and the defendant's motion is meritorious on its

face.

Accordingly, Defendants' Motion to Strike Class Allegation is **GRANTED**.

**III.  Defendants' Motion to Dismiss Breach of Contract Claim.**

Defendants allege that in order to state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.  *See Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002).  In *Louque*, the Fifth Circuit considered whether Allstate Insurance Company had any obligation to the insured to settle a third party claim.  The Fifth Circuit held that there was no provision in the Insurance contract which required Allstate to settle.  In so holding, the Fifth Circuit stated that in order to state a claim for a breach of insurance contract, a plaintiff must allege a breach of a specific policy provision.  *Id*.  The *Louque* court determined whether the trial court's dismissal of the breach of contract claim was proper.  The trial court dismissed the contract claim for failure to state an action upon reach relief could be granted, under F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6).  The court determined that taking all evidence in a light most favorable to

the plaintiff, there was no provision in the contract which would give plaintiffs their requested relief. *Louque*, 314 F.3d at 782. Further, the appellate court did state that the plaintiff did not argue the merits of her claim for breach of contract, but that if she had, then the Circuit Court would have agreed with the district court's ruling. Therefore any such statement regarding the pleading requirements for breach of contract claims most certainly is mere *dicta*.

The *Louque* court cited *Bergeron v. Pan Am. Assur. Co.*, 731 So. 2d 1037, 1045 (La. App. 4 Cir. 1999). In *Bergeron*, the court considered a breach of contract claim, where the plaintiffs "failed to point out any provision of the written insurance policies which have been allegedly breached." *Id.* *Bergeron* concerned the proper application of the parol evidence rule in Louisiana, and the reference to the specific written provision simply was in reference to plaintiff's assertion that oral amendments had been made to the insurance contract. Therefore, it is hard to see how this case stands for the proposition "to state a claim for breach of an insurance contract plaintiff must allege a breach of a specific policy provision," as the *Louque* trial court stated.

In this case, there is a written contract between the

parties.  Allstate is claiming that it does not owe the plaintiffs any funds (or additional funds) under the insurance policy, while the plaintiffs believe that the contractual duty of Allstate is to pay plaintiffs for covered losses.  There does not appear to be any requirement in Louisiana law that would require plaintiffs to plead with particularity which specific provision of the contract was breached; plaintiffs simply need to plead that there was a contract that was breached. Plaintiffs have so pleaded.

Accordingly, Defendants' Motion to Dismiss the Breach of Contract Claims is **DENIED.**

**IV.    Defendants' Motion to Dismiss Claims Under Louisiana's Bad Faith Statutes**

The Defendants claim that in order to state a claim under Louisiana's Bad Faith Statutes a plaintiff must first show that he has a valid underlying substantive claim upon which insurance coverage is based.  *See Riley v. Transamerica Ins. Group Premier Ins. Co.*, 923 F. Supp. 882, 887 (E.D. La. 1996).  Defendants claim that since the claim for breach of contract fails, so must this claim.

For the reasons stated above the breach of contract claim

does not fail, and therefore neither does this claim. Accordingly, Defendants' Motion to Dismiss Claims Under Louisiana's Bad Faith Statutes is **DENIED**.

**V. Defendants' Motion to Dismiss Waiver and Estoppel Claims**

Under Louisiana law, "waiver occurs when there is an existing right, a knowledge of the existence and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that the right has been relinquished. *Steptore v. Masco Const. Co.*, 643 So. 2d 1213, 1216 (La. 1994).

Plaintiffs only contention that Allstate acted inconsistently with its position that property damage was caused by flood and therefore is not covered is that they paid something to the plaintiffs and therefore waived any other right to say that coverage is not excluded.

However, in Louisiana, "an insurer's conduct in paying one claim under a policy does not prevent the insurer from raising defenses to the policy." *Am. Int'l Specialty Lines v. Canal Indem. Co.*, 352 F.3d 254, 269 (5th Cir. 2003); *see also FDIC v. Duffy,* 47 F.3d 146 (5th Cir. 1995)(holding that an insurer's payments under a policy were not inconsistent with its position

that the policy was void *ab initio*).  The *American International* Court based its holding not only on its previous ruling in *Duffy*, but also on the Louisiana Civil Code.  The Code provides that "A person who has received a payment or a thing not owed to him is bound to restore it to the person from who he received it."  LA. CIV. CODE ANN. art. 2299.  Comment (d) to this article provides that " a person who knowingly . . . has paid or delivered a thing not owed may reclaim it from the person who received it."  *Id.* cmt. (d).

Here, even if Allstate knowingly paid claims to the plaintiffs that plaintiffs are not entitled to, Allstate would not waive its right to reclaim those funds.  Therefore, plaintiffs cannot assert that Allstate waived its right to defenses under the contract.  Accordingly,

Defendants' Motion to Dismiss the Waiver and Estoppel Claims is **GRANTED**.

**VI.  Defendant's Motion to Dismiss the Miscellaneous Tort Claims**

In Paragraph 34 of the complaint, plaintiff lists 10 "miscellaneous breaches of duties" owed to the plaintiffs. Defendant claims that these miscellaneous tort claims are not allowed under Louisiana law, because the revised statutes provide

for an exclusive list of tort like claims actionable against an insurer for an alleged breach of good faith and fair dealing. *See Theriot v. Midland Risk Ins. Co.*, 694 So. 2d 184, 188 (La. 1997); *Robin v. Allstate*, 870 So. 2d 402, 408 (La. App. 3 Cir. 2004).  In *Theriot*, the Supreme Court of Louisiana held that LA. REV. STAT. § 22:1220 (the bad faith provision) provides an exclusive remedy for tort-like actions against an insurer.

Plaintiff does not dispute this reading of law.  However, Plaintiff does claim that these ten miscellaneous duties are factual allegations tending to prove that defendants acted with bad faith under the law.  To the extent that the allegations are considered to be separate causes of action, they should be dismissed.  Accordingly,

Defendants' Motion to Dismiss the Miscellaneous Tort Claims is **GRANTED**.

**VII.   Motion to Dismiss Allstate Indemnity Co.**

Defendants claim that no plaintiff is insured by Allstate Indemnity Co., and therefore Allstate Indemnity Co. should be dismissed from the lawsuit.  Plaintiffs aver that Carol Stokes herself is insured by Allstate Indemnity, and that her complaint referred to that company in the first complaint.  However,

plaintiff is willing to dismiss Allstate Indemnity, if Allstate Insurance admits that it issued each plaintiff each of their policies.  Allstate Insurance has made such an admission.  (Rec. Doc. 72-3).  Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Allstate Indemnity Company is **GRANTED**, and Allstate Indemnity Company is hereby **DISMISSED** from this action.

**VIII.   Motion for a more definite statement**

Defendant claims it is entitled to a more definite statement of the allegations against it.  A more definitive statement is warranted when "the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."  *Babcock & Wilcox Co. v. McGrif, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006).  In *Babcock*, this Court held that a complaint which gives parties adequate notice of a claim, and provides a short and plain statement of the grounds upon which the plaintiff would be entitled to relief is sufficient to meet the pleading requirements under Rule 12(e) and Rule 8 of the *Federal Rules of Civil Procedure*.

Here such a requirement is met.  The plaintiffs gave a short and plain statement of why they are entitled to relief, and the grounds upon which they seek such relief.  Nothing more is required of them.  Accordingly,

Defendants' Motion for a More Definite Statement is **DENIED**.

## CONCLUSION

For the reasons state above,

**IT IS ORDERED** that defendant's Defendants' Rule 12(b) Motion to Dismiss, Rule 23(d)(4) Motion to Strike Class Allegations and Rule 12(e) Motion for More Definite Statement (Rec. Doc. 67). For the following reasons the Motions are **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Allstate Indemnity Co. is hereby dismissed from this action.

New Orleans, Louisiana this the 27th day of June, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE